UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RUSSELL MELTON,<br><br>  Plaintiff,<br><br>  v.<br><br>STOCKTON POLICE DEPARTMENT, et al.,<br><br>  Defendants. | No. 2:23–cv–1457–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S IFP REQUEST<br><br>(ECF No. 2) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

The affidavit in support of the motion indicates plaintiff has a monthly gross income of approximately $8,000, i.e., $96,000 annually, has $512 in liquid assets, and has monthly expenses of approximately $1,770. (See ECF No. 2.) According to the United States Department of Health and Human Services, the current poverty guideline for a household of 1 (not residing in Alaska or Hawaii) is $14,580.00. See https://aspe.hhs.gov/poverty-guidelines. As plaintiff's gross household income is over 600% of the 2023 poverty guideline, the court cannot find

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

plaintiff unable to pay.  To be sure, the court is sympathetic to the fact that plaintiff has several expenses to contend with.  However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court.  Such difficulties in themselves do not amount to indigency.  Thus, the court recommends plaintiff's IFP motion be denied.  See Tripati v. Rison, 847 F.2d 548, 548-49 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).  Presently, a filing fee of $400.00 is required to commence a civil action in this court.

Accordingly, the undersigned RECOMMENDS:

1. Plaintiff's IFP request (ECF No. 2) be DENIED;
2. Plaintiff be ordered to pay the filing fee before commencement of this action and issuance of a summons by the Clerk of the Court; and
3. Plaintiff be warned that failure to satisfy the full filing fee within 30 days of the district judge's order may result in dismissal without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  No objections period is required for IFP denials.  Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [his] application to proceed in forma pauperis be denied.").

Dated:  July 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

melt.1457