UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RUSSELL MELTON,<br><br>    Plaintiff,<br><br>    v.<br><br>STOCKTON POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:23-cv-1457-KJM-CSK PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

On August 25, 2023, Plaintiff Anthony Russell Melton paid the filing fee and filed his First Amended Complaint.[1] (ECF No. 8 (Compl.).) On November 28, 2023, Plaintiff filed a set of documents labeled "summons returned executed." (ECF No. 9.) Thereafter, Defendant Stockton Police Department filed objections to Plaintiff's purported service, noting the envelope did not contain a copy of the First Amended Complaint. (ECF No. 10.) Further, the Court noted Plaintiff simply mailed two envelopes to Defendants himself. (ECF No. 11.) By order dated December 26, 2023, the Court quashed this purported service, provided Plaintiff with standards for serving Defendants, gave Plaintiff an additional 90 days to do so, and warned that further failure to follow the rules regarding service may result in dismissal under Rule 4(m) or Rule 41(b) of the Federal

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

Rules of Civil Procedure. (*Id.*) This time period has now passed without proof of service from Plaintiff on any defendant. Further, the deadline to respond to the First Amended Complaint has also passed without any filings from any defendant. *See* Fed. R. Civ. P. 12(a). Because Plaintiff has still not effectuated service despite the extension and instructions provided by the Court, and Plaintiff's action is time-barred, the Court recommends dismissal with prejudice of this action.

**Discussion**

More than 90 days have passed since the Court's December 26, 2023 Order without any indication that service has been properly effectuated. Nor has any Defendant filed an appearance or filed a response to the First Amended Complaint. If service had been effectuated within 90 days, a response would have been due no later than April 17, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A). Based on the lack of any proof of service or any response to the First Amended Complaint, the Court concludes that Plaintiff failed to serve Defendants with process as required by Rule 4 and as ordered by the Court on December 26, 2023. (ECF No. 11.)

Rule 4(m) of the Federal Rules of Civil Procedure states that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Further, Rule 12(b)(5) allows a defendant to assert a pre-answer defense of insufficient service of process. If the court finds this motion well taken, it has discretion to dismiss an action or to quash service. *S.J. v. Issaquah School Dist.*, 470 F.3d 1288, 1293 (9th Cir. 2006).

Here, having previously found service insufficient, the Court provided Plaintiff, who is proceeding pro se, with another opportunity to serve Defendants. (ECF No. 11.) In doing so, the Court also provided Plaintiff with specific instructions on how to cure the deficiencies in service. (*Id.*) The Court further provided Plaintiff with notice that "further

failure to follow the rules regarding service may result in dismissal of the claims against that defendant under Rule 4(m) or Rule 41(b) of the Federal Rules of Civil Procedure." (*Id*.) Plaintiff has failed to take advantage of this opportunity or heed the Court's warning. In addition, Plaintiff's action is time-barred, leaving the Court with little alternative but to recommend dismissal of this action.

The Ninth Circuit has held that the following factors are relevant in determining involuntary dismissals with prejudice under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendant(s);
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019); Fed. R. Civ. P. 41(b) (providing authority for dismissal of an action for failure to comply with any order of the court). Related factors exist for dismissals for insufficient service of process: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (*quoting Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Under the factors for involuntary dismissal, this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation and this case was delayed by Plaintiff's failure to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendants is somewhat minimal, there is some prejudice given the impact on resources of continued or stale litigation.

Critically, the policy favoring disposition on the merits also favors dismissal because Plaintiff's claims are time-barred. Liberally construed, Plaintiff's claims concern

alleged personal injuries he sustained during an encounter with law enforcement in 2017, which is construed as an excessive force claim under the Fourth Amendment. (ECF No. 8 at 4.) Constitutional claims like Plaintiff's are brought under 42 U.S.C. § 1983, which has a two-year statute of limitations from the date of accrual. *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019) (noting that federal courts in California apply the state's statute of limitations for personal injury actions); Cal. Code Civ. P. § 335.1 (stating that in California, personal injury claims must be brought within two years). Plaintiff's claim accrued at the time of the alleged encounter on October 29, 2017 (ECF No. 1 at 4), requiring Plaintiff to have filed his Complaint by October 29, 2019. *See Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) ("For Fourth Amendment violations, federal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs[.]") (citations omitted). Plaintiff's action is time-barred because he filed his Complaint on July 21, 2023, almost four years after the alleged encounter. (ECF No. 1.) Finally, the Court has already tried less drastic alternatives—providing Plaintiff with an additional 90 days to complete service and providing clear instructions to properly complete service—with no success. (ECF No. 11.)

  The factors for dismissals for insufficient service of process also warrant dismissal. *See In re Sheehan*, 253 F.3d at 512. While Defendant Stockton Police Department is aware of this suit (as demonstrated by its December 2023 filing), it is unclear whether the other Defendants are aware of the suit. While the risk of prejudice to Defendants is somewhat minimal as discussed above, Plaintiff would suffer no prejudice from dismissal, as it is facially clear that this action is time barred.

  Therefore, after careful consideration, the Court concludes dismissal with prejudice is appropriate. *See Townsel v. Contra Costa County*, 820 F.2d 319, 321 (9th Cir. 1987) (affirming dismissal with prejudice of claims for insufficient service of process, noting that the deadline to serve defendants had passed and that the statute of limitations had run); *Mills,* 921 F.3d at 1166 (affirming dismissal with prejudice and

finding Section 1983 claim time barred where two year statute of limitations applied and the plaintiff did not file the complaint until three years and five months after the underlying incident); *see also, e.g., Rowell v. Ewing Bros. Towing Co.*, 471 Fed. Appx. 597, 599 (9th Cir. 2012) ("The district court did not abuse its discretion in dismissing [plaintiff's] claims against [defendant] for failure to serve, because [plaintiff] did not show good cause for why he did not take steps to correct deficiencies in service once [defendant] notified him that it had not been properly served."); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Rule 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action is DISMISSED with prejudice; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 24, 2024

/s/ Chi Soo Kim
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

3, melt.1457